UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EDJUAN SCOTT,
    Plaintiff,

v.

BELES & BELES LAW FIRM,
    Defendant.

Case No. 15-cv-01240-DMR (PR)

**ORDER OF DISMISSAL WITH PREJUDICE**

Plaintiff Edjuan Scott, a state prisoner incarcerated at California State Prison - Sacramento, filed the instant civil rights action under 42 U.S.C. § 1983. Plaintiff initially named Robert Beles, Esq. and Beles & Beles Law Firm (a criminal defense firm) as Defendants based on their alleged "breach of contract" after he had retained the firm to represent him in his "criminal superior court [case] no. S1002989 and numerous pending civil suits." Dkt. 1 at 5. Thereafter, Plaintiff filed an amended complaint, which is the operative complaint in this action, naming only Beles & Beles Law Firm. Dkt. 7 at 1. Plaintiff's single sentence under his Statement of Claim section states: "There have been 'ineffective [assistance] of counseling' and 'breach of contract.'" *Id.* at 3. He seeks monetary damages and a refund of the retainer fee. *Id.*

Plaintiff has consented to magistrate judge jurisdiction, and this matter has been assigned to the undersigned Magistrate Judge. He has also filed a motion for leave to proceed *in forma pauperis* ("IFP"), which will be granted in a separate written Order.

Venue is proper in this court because the only named Defendant, a law firm, is based in Oakland, which is located within the Northern District of California. *See* 28 U.S.C. § 1391.

### STANDARD OF REVIEW

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §1915A(b)(1),(2).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

## DISCUSSION

Plaintiff's claims against Beles & Beles Law Firm (or any claims against his criminal defense attorneys) are DISMISSED because a defense attorney does not act under color of state law when performing an attorney's traditional functions. *Polk County v. Dobson*, 454 U.S. 312, 318-19 (1981). It does not matter that Plaintiff alleges that the defense attorney failed to exercise independent judgment; it is the nature and context of the function performed (or omitted) by that attorney that is determinative under *Polk County*. *Miranda v. Clark County, Nevada*, 319 F.3d 465, 468 (9th Cir. 2003) (en banc). Therefore, Plaintiff fails to state a cognizable claim against Defendant under section 1983. In addition, any claim involving breach of contract in civil suits, essentially what Plaintiff alleges here against Defendant, is not cognizable under section 1983 as a civil rights claim because it is not a claim for violation of a federal right. Because amendment would be futile, this action is DISMISSED with prejudice.

## CONCLUSION

For the foregoing reasons, the court orders as follows:

The action is DISMISSED with prejudice and without leave to amend for failure to state a cognizable claim under section 1983. Further, this court CERTIFIES that any IFP appeal from this Order would not be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous).

The Clerk of the Court shall enter judgment, terminate all pending motions, and close the file.

IT IS SO ORDERED.

Dated: June 9, 2015

_____
DONNA M. RYU
United States Magistrate Judge

2